1  BENJAMIN B. WAGNER
   United States Attorney
2  KIMBERLY A. SANCHEZ
   Assistant United States Attorney
3  2500 Tulare Street, Suite 4401
   Fresno, CA 93721
4  Telephone: (559) 497-4000
   Facsimile: (559) 497-4099



7  Attorneys for Plaintiff
   United States of America

9              IN THE UNITED STATES DISTRICT COURT

10                EASTERN DISTRICT OF CALIFORNIA

12 | UNITED STATES OF AMERICA,        | CASE NO. 1:11-00376 LJO
13 |              Plaintiff,           | DEFERRED PROSECUTION AGREEMENT
14 |        v.                         |
15 | VICTORINO BAZANTE PACHECO        |
16 |              Defendant.           |

18       The United States of America, by and through Benjamin B. Wagner, the United States Attorney for
19  the Eastern District of California, and Assistant United States Attorney Kimberly A. Sanchez; and defendant
20  VICTORINO BAZANTE-PACHECO ("PACHECO"), and his attorney, Roger Litman, hereby enter into
21  this Deferred Prosecution Agreement ("Agreement"):
22       1. This document contains the complete Agreement between the
23  United States Attorney's Office for the Eastern District of California ("United States") and defendant
24  Pacheco regarding this case. This Agreement is limited to the United States Attorney's Office for the Eastern
25  District of California and cannot bind any other federal, state, or local prosecuting, administrative, or
26  regulatory authorities.
27       2. Defendant Pacheco accepts and acknowledges responsibility for his conduct, as stated in the
28  Factual Statement set forth at paragraph 11 of this Agreement, and also accepts the accuracy of that Factual

BAZANTE-PACHECO DEFERRED              1
PROSECUTION AGREEMENT

Statement.

3. Defendant Pacheco expressly agrees:

(a) He will comply with all federal, state, and local laws. He shall immediately contact his Pretrial supervisor if arrested and/or questioned by any law enforcement officer;

(b) He will reside at a residence approved by Pretrial Services and not move or absence himself from that residence for more than 24 hours without prior approval from Pretrial Services.

(c) He shall report to his Pretrial Services Officer as directed and keep him/her informed of his whereabouts; and

(d) He shall follow the program and comply with the conditions set forth.

4. In consideration of defendant Pacheco's background, his role in the instant offense, and his willingness to:(i) acknowledge responsibility for his conduct, as detailed in the Factual Statement, and (ii) demonstrate his future good conduct and full compliance with all federal, state, and local laws; the United States shall recommend to the Court, pursuant to 18 U.S.C. § 3161(h)(2), that prosecution of defendant Pacheco on the Indictment be deferred for a period of no more than twelve (12) months. Defendant Pacheco shall consent to a motion to be filed by the United States with the Court promptly upon execution of this Agreement, pursuant to 18 U.S.C. § 3161(h)(2), in which the United States will present this Agreement to the Court and move for (i) a continuance of all further criminal proceedings, including trial, for a period of not more than twelve (12) months, (ii) speedy trial exclusion of all time covered by such a continuance, and (iii) approval by the Court of this deferred prosecution.

5. Defendant Pacheco further agrees to waive, and does hereby expressly waive, any and all rights to a speedy trial pursuant to the Sixth Amendment of the United States Constitution, Title 18, United States Code, Section 3161, Federal Rule of Criminal Procedure 48(b), and any applicable Local Rules of the United States District Court for the Eastern District of California, for the period of time that this Agreement is in effect.

6. Defendant Pacheco hereby further expressly agrees that any applicable statutes of limitations are tolled, and shall not run, for the time period in which this Agreement is in effect. Defendant Pacheco agrees that, if the United States institutes charges following a breach of this Agreement, the time period in which this Agreement is in effect shall be excluded, and shall not count for purposes of determining the running of

any applicable statute of limitations.

7. Defendant Pacheco also agrees that, in the event of a breach of this Agreement, the government will be free to use against defendant, directly and indirectly, in any criminal or civil proceeding, any of the statements, information, and/or materials provided by defendant pursuant to this Agreement.

8. The United States agrees that, if defendant PACHECO is in full compliance with all of his obligations under this Agreement, upon expiration of no more than 12 months, or any lesser period of time determined to be appropriate by the court, within thirty (30) days of the expiration of such time period the United States shall seek dismissal with prejudice, as to defendant Victorino Bazante-Pacheco, of the Indictment, Case Number 1:11-CR-00376 LJO-SKO.

9. Defendant Pacheco understands that this Agreement to defer prosecution is subject to approval by the Court, in accordance with 18 U.S.C. § 3161(h)(2). Should the Court decline to approve a deferred prosecution for any reason, the United States and defendant Pacheco are released from any obligation imposed upon them by this Agreement.

10. Should the United States determine during the term of this Agreement that defendant Pacheco has committed any crime commenced subsequent to the date of this Agreement, the defendant shall, in the sole discretion of the United States, thereafter be subject to prosecution for any federal crimes, as well as forfeiture of assets used in and/or divestiture of profits derived from defendant's criminal conduct.

11. Except in the event of a breach of this Agreement, the United States agrees that it will not bring any additional charges against defendant Pacheco arising from the facts contained in the Factual Statement set forth in the following paragraph. Defendant Pacheco understands and acknowledges that this Agreement does not relate to or cover any conduct by defendant Pacheco other than the conduct set forth in the Factual Statement.

12. Defendant Pacheco agrees that the following are the facts of this case that, if proved by the government beyond a reasonable doubt and believed by a jury, would be sufficient to constitute the crime of False Statement During the Purchase of a Firearm in violation of 18 U.S.C. § 924(a)(1)(A), although he acknowledges that, as to other facts, the parties may disagree:

On November 12, 2008, at the request of his long time friend Demetrio Cortez-Ordaz, the defendant went to Pete's Sport Shop, a federal firearms dealer, believing he was signing the paperwork necessary for

his friend to purchase two rifles. The defendant actually signed official documents for the purchase of 23 Ruger, Model 10/22 .22 rifles and 2 Marlin Model 60 from Pete's Sport Shop. The documents contained a representation that the individual signing the documents was purchasing the firearms for him or herself.

The defendant is willing to enter into this deferred prosecution agreement in recognition of the risks he would face by proceeding to trial in this action in that: discovery provided by the government sets forth that the contents of the ATF Form 4473, signed by the defendant in two places, were read to him by the salesman before the defendant signed and initialed representing to the seller that he was the actual transferee/buyer of the firearms as required by the provisions of Chapter 44 of Title 18, United States Codes, to be kept in the records of Pete's Sports Shop. Discovery sets forth that, in reality, the defendant knew he was purchasing the firearms for another person, specifically, Demetrio Cortez-Ordaz, not for himself as represented in the Form 4473.

14. This Agreement sets forth all the terms of the Deferred Prosecution Agreement between the United States and defendant Victorino Bazante-Pacheco. Other than this Agreement, no agreement, understanding, promise, or condition exists between the United States and defendant Pacheco. Nor will any such agreement, understanding, promise, or condition exist unless it is committed to writing and signed by the defendant, counsel for said defendant, and counsel for the United States. This Agreement supersedes any prior promises, agreements, or conditions between the United States and defendant Victorino Bazante-Pacheco.

15. This Agreement is freely and voluntarily made and is not the result of force or threats, or of any promises apart from those specifically set forth in this Agreement.

16. Defendant Pacheco agrees that this Agreement, and an Order deferring prosecution, shall be publicly filed with the United States District Court for the Eastern District of California, and shall become a part of the record of the case.

///

///

///

///

///

**APPROVALS AND SIGNATURES**

A.   VICTORINO BAZANTE-PACHECO: I, Victorino Bazante-Pacheco, hereby expressly acknowledge the following:

(1) I have read this entire Agreement;

(2) I have had an opportunity to discuss this Agreement fully and freely with my attorney;

(3) I fully and completely understand each and every one of its terms;

(4) I am fully satisfied with the advice and representation provided to me by my attorney; and

(5) I have signed this agreement voluntarily.

Dated: 1-21-14

VICTORINO BAZANTE-PACHECO

B.   Defense Counsel: The undersigned is counsel for VICTORINO BAZANTE-PACHECO. In connection with such representation, I acknowledge that: (1) I have discussed this Agreement with my client; (2) I have fully explained each one of the Agreement's terms to my client; (3) I have fully answered each and every question put to me by my client regarding the Agreement; and (4) I believe my client completely understands all of the Agreement's terms.

Interpreted into Mixteco Bajo on January 21, 2014 by Teresa Ramos

Dated: January 21, 2014

ROGER LITMAN
Attorney for Victorino Bazante-Pacheco

C.   Attorney for United States: I accept and agree to this Agreement on behalf of the government.

Dated: 1/21/14

BENJAMIN B. WAGNER
United States Attorney

By: KIMBERLY A. SANCHEZ
Assistant U.S. Attorney

D.   Pretrial Services Officer: I accept and agree to this Agreement on behalf of the Pretrial Services Office.

Dated:

JACOB SCOTT

BAZANTE-PACHECO DEFERRED
PROSECUTION AGREEMENT

                                                      Pretrial Services Officer

E.    United States District Court: The Court approves of this agreement.

Dated: 1-21-14

                                                      LAWRENCE J. O'NEILL
                                                      U.S. District Court Judge